

1540 Broadway
23rd Floor
New York, NY 10036

646.927.5500 main
646.927.5599 fax

August T. Horvath
646-927-5544

March 23, 2020

### Via ECF

Honorable Kenneth M. Karas, U.S.D.J.
U.S. District Court for the Southern District of New York
300 Quarropas Street, Chambers 533
White Plains, NY 10601-4150

      Re:    <u>*Dashnau v. Unilever Manufacturing (US), Inc.*</u>, Case No. 7:19-cv-10102-KMK

Dear Judge Karas:

      This firm represents Unilever Manufacturing (US), Inc. ("Unilever"), the defendant in this action.  We write to request a pre-motion conference regarding Unilever's intended motion to dismiss the Complaint (Dkt. 5) under Rule 12(b)(6), and state here the specific argument and relevant case law supporting the movant's position pursuant to the Court's rules, Part II.A.

**I.    The "Vanilla" Labeling Is Not Plausibly Deceptive to Reasonable Consumers**

      Unilever produces ice cream bars under the Magnum® brand, among others.  Plaintiff's central allegation is that Unilever, by designating the ice cream portion products with the characterizing flavor "vanilla," are not only making a claim about how the ice cream tastes, but also making an implied claim that all of the vanilla taste of the Magnum ice cream bars comes from vanilla bean extract.  This allegation fails, as a matter of law, for two reasons.  First, no reasonable consumer would perceive the Magnum packaging to imply that all of the ice cream's vanilla taste must come from vanilla bean extract.  Second, even if the Magnum packaging communicated the message alleged by Plaintiff, she has no basis to contend that the message is false – i.e., that the vanilla flavor in Magnum ice cream does *not* all come from vanilla extract.

      To prove conduct is materially misleading as required under General Business Law §§ 349 and 350, a plaintiff must demonstrate that "a reasonable consumer acting reasonably under the circumstances" would be misled.  *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015).  A court may determine as a matter of law that an allegedly deceptive practice would not have misled a reasonable consumer.  *See Fink v. Time Warner Cable*, 714 F.3d 739, 741 (2d Cir. 2013).  Although dismissal of false-advertising cases on this ground was once rare, a recent rash of meritless lawsuits has created a growing body of Rule 12 case law in this Circuit dismissing challenges to advertising claims because they would not deceive reasonable consumers.  *See, e.g., Melendez v. ONE Brands, LLC*, No. 18-cv-6650-CBA (E.D.N.Y. March 16, 2020) (dismissing a case against a nutrition bar label because a reasonable consumer would not perceive the message imputed by plaintiff); *Sarr v. BEF Foods*, No. 18-cv-6409-ARR, 2020 U.S. Dist. LEXIS 25594 (E.D.N.Y. Feb. 13, 2020) (dismissing case against a food label because

it would not communicate a misleading message to a reasonable consumer); *Campbell-Clark v. Blue Diamond Growers*, No. 1:18-cv-5577-WFK (E.D.N.Y. Dec. 17, 2019) (dismissing allegations that packaging for "nut and rice" crackers implicitly overstated their nut content); *Reyes v. Crystal Farms*, No. 18-cv-2250-NGG-RML, 2019 U.S. Dist. LEXIS 125971 at *8-10 (E.D.N.Y. July 26, 2019) (dismissing case against a claim of "made with real butter" on mashed potato product because it would not communicate the absence of margarine to a reasonable consumer); *Davis v. Hain Celestial Group, Inc.*, 297 F. Supp. 3d 297, 334 (E.D.N.Y. 2018) (dismissing claim against a claim of "cold-pressed" juice because it would not communicate to a reasonable consumer that no processing after pressing had taken place); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 292 (S.D.N.Y. 2017) (beer did not mislead reasonable consumers that it was of Japanese origin where its Canadian origin was clearly stated).

This Complaint should be dismissed on the basis that no reasonable consumer would interpret the "vanilla" flavor designator on Magnum ice cream bars as an ingredient claim. The flavor designator is there to tell the consumer how the ice cream will taste. No reasonable consumer would interpret the flavor designator as identifying the exclusive source of the vanilla taste in the ice cream. Plaintiffs also allege no plausible basis why a reasonable consumer, otherwise satisfied with the taste of the ice cream, would care whether the taste comes from vanilla bean extract or some other natural flavor.

In addition, Plaintiff provides no basis for alleging that any of the vanilla taste in the Magnum ice cream bars in the suit comes from any source other than vanilla bean extract, other than a convoluted and illogical interpretation of the products' ingredient declarations. Plaintiff alleges that it is "likely" that there are flavorings in Magnum ice cream that simulate vanilla but that are not vanilla extract. Dkt. 5 p. 21 Hdg B, ¶¶ 96, 99. In fact, these allegations are not "plausible" or "likely," but rather totally unfounded. The obvious inference from the Magnum ingredient statement is that the vanilla taste is supplied by vanilla extract (as explicitly stated on the package, Dkt. 5 ¶¶ 25, 93) and that the other natural flavors in the ingredient statement are either components of the chocolate, caramel, and other flavors in the bars, secondary non-vanilla flavor notes in the ice cream, or both.

## II. Plaintiffs' Attempt to Enforce Their Interpretation of Federal Food Regulations Is Preempted

Plaintiff alleges throughout the Complaint that Unilever's packaging and labeling are not in compliance with regulations promulgated under the Food, Drug and Cosmetic Act (FDCA). Dkt. 5 ¶¶ 24-41, 56-103. Indeed, purported non-compliance with these regulations is proffered as the only basis for the allegation that the Magnum ice cream labeling is purportedly deceptive to consumers, relying on no less than 31 citations to Code of Federal Regulations provisions implementing the FDCA. This reveals the Complaint to be Plaintiff's attempt privately to enforce the FDCA, filed because Plaintiff's counsel believes it has spotted a technical violation of FDA regulations. But Plaintiff is not the FDA, and is neither competent to interpret FDA regulations nor empowered to enforce them.

The right to enforce the Food, Drug & Cosmetics Act (FDCA) rests exclusively with the Food and Drug Administration. *See* 21 U.S.C. § 337(a); *PDK Labs, Inc. v. Friedlander*, 103

Honorable Kenneth M. Karas, U.S.D.J.
March 23, 2020
Page 3

F.3d 1105, 1113 (2d Cir. 1997) (there can be no private cause of action if a plaintiff's "true goal is to privately enforce alleged violations of the FDCA"); *Verzani v. Costco Wholesale Corp.*, No. 09-cv-2117, 2010 WL 3911499 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore [a plaintiff] cannot rely on it for purposes of asserting a state-law consumer claim under G.B.L. § 349"), *aff'd*, 432 Fed. Appx. 29 (2d Cir. 2011). There could not be a better example than this Complaint of a case where "a plaintiff's true purpose is to enforce federal regulations, masquerading as a state-law claim." *In re Trader Joe's Tuna Litig.*, 289 F. Supp. 3d 1074, 1086 (S.D. Cal. 2017) (dismissing New York G.B.L. §§ 349-350 claims). The vast majority of the Complaint consists of an extensive, though flawed, discussion of the FDCA and its regulations. Conclusory allegations aside, no basis other than FDCA non-compliance is alleged for any deception in the labeling of the Magnum ice cream products. To the extent that Plaintiff seeks to impose additional labeling requirements beyond those of the FDCA, these also are preempted. *See* 21 U.S.C. § 343-1(a)(1); *Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 296 (S.D.N.Y. 2018).

### III.     The Court Has No Personal Jurisdiction Over the Out-of-State Class Members and Should Dismiss Their Claims

The Complaint lists one named class representative, a New York resident, but purports to represent a nationwide class and 50 subclasses under unspecified "consumer protection statutes of other states and territories." Dkt. 5 p. 29 (heading). No representative plaintiff is identified for 49 of the states in which violations are alleged. Unilever is admitted to be a Delaware corporation with its principal place of business in New Jersey. *Id.* ¶ 129. No connection between the injuries of the out-of-state class members and this State or District is alleged.

Under the Supreme Court's ruling in *Bristol-Myers Squibb Co. v. Superior Court of California, San Francisco County*, 137 S. Ct. 1773, 198 L. Ed. 2d 395 (2017), a New York court would lack personal jurisdiction over Unilever as to claims brought on behalf of plaintiffs who are neither New York residents nor suffered their alleged injuries in New York. Courts in this District have ruled that the logic of *Bristol-Myers* applies also to U.S. District Courts adjudicating class actions brought under state laws. *In re Dental Supplies Antitrust Litig.,* 2017 U.S. Dist. LEXIS 153265, at *37 (E.D.N.Y. Sep. 20, 2017) (dismissing class action for failure to allege a direct connection between the forum and the specific claims); *Gonzalez v. Costco Wholesale Corp.*, No. 16-CV-2590-NGG-JO, 2018 U.S. Dist. LEXIS 171000, at *18 (E.D.N.Y. Sep. 29, 2018) ("the court lacks general personal jurisdiction over Defendant to adjudicate the claims of the out-of-state class members because New York is not the state where Defendant's principal place of business is located nor is it where Defendant is incorporated").

Besides failing to allege personal jurisdiction, Plaintiff fails to meet the pleading requirements of Fed. R. Civ. P. 6, because Plaintiff fails to allege the laws of the other 49 states under which she seeks relief, and facts supporting the satisfaction of all elements of such laws. The consumer protection laws of other states have different elements and requirements, such as the need to send pre-complaint notification and demand letters in advance of filing class actions, and some do not permit class actions or private recovery for damages at all. *See Allen v. Conagra Foods, Inc.*, No 3:13-cv-01269, 2019 U.S. Dist. LEXIS 122807 (N.D. Cal. Jul. 22,

Honorable Kenneth M. Karas, U.S.D.J.
March 23, 2020
Page 4

2019) (denying class certification as to states with different elements of consumer protection violations, no private monetary remedy, and/or no permission for class actions).

## IV. Plaintiffs Do Not Have Standing to Seek Injunctive Relief

Plaintiff lacks standing to seek preliminary or permanent injunctive relief because she fails to allege any likelihood that they will be deceived in the future by the challenged representations, and thus, fail to demonstrate any likelihood of continuing or future injury. *See Davis*, 297 F. Supp. 3d at 338-339; *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016).

## V. The Elements of Fraud, Negligent Misrepresentation, Warranty, and Unjust Enrichment Are Not Pled or Supported with Factual Allegations

Plaintiff's fraud claim should be dismissed because she has not alleged facts that "give rise to a strong inference of fraudulent intent," *Campaniello Imports, Ltd. V. Saporiti Italia S.p.A.*, 117 F.3d 655, 663 (2d Cir. 1997), by pleading facts to show that Unilever either had "both motive and opportunity to commit fraud" or "strong circumstantial evidence of conscious misbehavior or recklessness." *Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994).

Plaintiff's negligent misrepresentation claim should be dismissed because, under New York common law, this cause of action requires a special relationship of trust to exist between the parties, and is not applicable to an arm's-length commercial transaction. *Kimmell v. Schaefer*, 89 N.Y.2d 257, 263 (1996).

Plaintiff's express warranty claim must be dismissed because no expressly false statement, but only implied misrepresentations, are alleged, and because Plaintiff did not provide timely notice of the alleged breach. *Colella v. Atkins Nutritionals*, *Inc.*, 348 F. Supp. 3d 120, 143 (E.D.N.Y. 2018). Plaintiff's claim for breach of implied warranty of merchantability must be dismissed because she does not allege that she purchased Magnum ice cream directly from Unilever or suffered any personal injury. Absent privity of contract between Plaintiff and Defendant, a breach of implied warranty claim cannot be sustained except to recover for personal injuries. *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *14-15; *Weisblum v. Prophase Labs., Inc.*, 88 F. Supp. 3d 283, 296 (S.D.N.Y. 2015). The economic injuries alleged by Plaintiff are not "personal injuries." *Kolle v. Mainship Corp.*, 2006 U.S. Dist. LEXIS 28956, at *16 (E.D.N.Y. Apr. 20, 2006) (holding "where only economic loss is alleged, implied warranties do not run to remote purchasers.").

The unjust enrichment claim should be dismissed because it is duplicative of the false advertising claims. An unjust enrichment claim is not available where it merely duplicates a contract or tort claim, which has been held to include GBL false-advertising claims. *See Reyes,* 2019 U.S. Dist. LEXIS 125971 at *15 (dismissing unjust enrichment claim that was duplicative of GBL claims); *Weisblum*, 88 F. Supp. 3d at 296-97 (same); *Bowring v. Sapporo U.S.A. Inc.*, 234 F. Supp. 3d 386, 392 (E.D.N.Y. 2017) (same).

Honorable Kenneth M. Karas, U.S.D.J.
March 23, 2020
Page 5

                                                  Respectfully submitted,

                                                  August T. Horvath

B5113211.1