Sheehan & Associates, P.C.                           505 Northern Blvd Ste 311, Great Neck NY 11021-5101
spencer@spencersheehan.com                               tel. 516.303.0552        fax 516.234.7800

June 15, 2020

District Judge Kenneth M. Karas
United States District Court
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

                          Re:   7:19-cv-10102-KMK
                                    Dashnau v. Unilever Manufacturing (US), Inc.

Dear District Judge Karas:

       This office with co-counsel Reese LLP, represents the Plaintiffs. On May 27, 2020, defendant served and filed a letter seeking a pre-motion conference to dismiss the first amended complaint ("FAC") pursuant to Fed. R. Civ. P. 12(b)(1) and (b)(6). Plaintiffs oppose Defendant's request and seek limited discovery to eliminate unsupported contentions from subsequent briefing of defendant's motion, to conserve judicial resources and streamline briefing.

       ***Plaintiffs' Claims Are Not Preempted.*** Defendant states Plaintiffs' claims are preempted because "the right to enforce the FDCA rests exclusively with the FDA." ECF No. 12. However, preemption only applies to state laws which impose requirements different from FDA regulations. 21 U.S.C. § 343-1(a). "New York . . . broadly prohibits the misbranding of food in language largely identical to that found in the [Food, Drug, and Cosmetic Act]." *Ackerman v. Coca-Cola Co.*, No. 09-cv-00395-DLI-RML, 2013 WL 7044866, at *6, (E.D.N.Y. July 18, 2013).

       First, Plaintiffs' claims are based on conduct that is misleading, independently of any statute or regulation. Second, because federal and state regulations about defendant's labeling are identical and because the actions sought by plaintiff – accurate flavor labeling – would not cause defendant's representations to be inconsistent with any law – there are no preemption issues.

       According to Defendant, "New York vests the State with exclusive authority to enforce its Agriculture and Markets Law." ECF No. 12. This argument fails for two reasons. First, New York's Agriculture and Markets Law confers a right of action upon an ultimate purchaser against the person who originally prepared for market and sold the containers with false labels or statements of their contents. *See Warner v. StarKist Co.*, 2019 WL 1332573, No. 18-cv-406 (N.D.N.Y. May 25, 2019) (New York's Agriculture and Markets Law confers a right of action upon an ultimate purchaser against the person who originally prepared for market and sold the containers with false labels or statements of their contents) (quoting *Abounader v. Strohmeyer & Arpe Co.*, 243 N.Y. 458, 463 (1926)).

       Second, it is logical and appropriate to use regulations as a barometer or touchstone for whether conduct is misleading. *Quiroz v. Beaverton Foods, Inc.*, No. 17-cv-7348 (E.D.N.Y. Mar. 31, 2019) is instructive in this regard. That plaintiff contended that the defendant's mustard representations were misleading because it claimed "no preservatives" despite containing citric acid. In support, the plaintiff relied on the definition of a preservative provided by FDA regulations. The court denied defendant's motion to dismiss because plaintiff's claim was "not premised on a violation of federal labeling requirements" but "based on the contention that the label 'no preservatives' is misleading because the product does in fact contain preservatives." *Id*.

***Plaintiffs Seek Relief Because the Representations Are Misleading.***  The FAC is clear that the representations are deceptive because the Product purports to contain flavor only from vanilla beans yet its ingredient list and gas chromatography-mass spectrometry ("GC-MS") analysis reveals the Product contains undisclosed artificial flavors.  ECF No. 11 ¶ 58 ("the Product is…subject to the category I ice cream requirements…must contain only the characterizing flavor derived from vanilla beans.'"); ¶ 89 ("the 'natural flavor' [flavoring agent for ice cream] contains non-vanilla flavor…shown by the lower left corner of the back of the Product."). *See Izquierdo v. Panera Bread Co.*, No. 18-cv-12127 (S.D.N.Y. Mar. 30, 2020) ("It is materially misleading to suggest a product contains a greater proportion of a preferred ingredient than it actually does, even where there is a visible ingredients list that states the correct composition of the food."); *see also Branca v. Bai Brands Ltd. Liab. Co.*, No. 3:18-cv-00757, 2019 U.S. Dist. LEXIS 37105 (S.D. Cal. Mar. 7, 2019) (refusing to dismiss case where plaintiff contended malic acid should designate a beverage as "artificially flavored.").

Defendant insists "no reasonable consumer would interpret the "vanilla" flavor designator on Magnum ice cream bars as an ingredient claim. The flavor designator is there to tell the consumer how the ice cream will taste." ECF No. 12 at 2.  This position ignores legal precedent, federal regulations and common sense.

Defendant concedes "vanilla" refers to the ice cream's taste – its flavor – yet fails to dispute that in ice cream, "Flavors which are derived from natural sources other than the characterizing flavor and simulate, resemble or reinforce the characterizing flavor, are considered artificial flavors."  ECF No. 12 at 2; ECF No. 11 ¶ 60. This position ignores established regulations and consumer expectations.

Defendant offers no support for its conclusory assertions about what reasonable consumers expect in the form of survey data, consumer testimonials or affidavits from its customers purporting to claim they did not expect nor want the Product to only be flavored from vanilla beans. In contrast, the FAC provides Congressional Testimony, standards of identity and a thorough explanation of the applicable regulations.  FAC ¶ 24-31, 36-38, 53-58 ("When consumers purchase ice cream labeled as 'vanilla ice cream' they expect it to be flavored with vanilla flavoring derived from vanilla beans unless labeled otherwise."); *see 62 Cases of Jam v. United States*, 340 U.S. 593, 600, 71 S. Ct. 515, 95 L. Ed. 566 (1951) ("Section 403(g) was designed to protect the public from inferior foods resembling standard products but marketed under distinctive names.").

To decide whether defendant's conduct is misleading, "context is crucial." *Fink v. Time Warner Cable*, 714 F.3d 739, 742 (2d Cir. 2013) citing *Freeman v. Time, Inc.*, 68 F.3d 285, 289 (9th Cir.1995) (magazine sweepstakes mailer was not deceptive where "promotions expressly and repeatedly state the conditions which must be met in order to win" and such disclaimer "appears immediately next to the representations it qualifies").

Courts within this state have consistently held that "issues of deceptiveness and good faith are not resolved as a matter of law," especially where the ability to learn of the alleged deception is not even capable of being discovered by consumers, and instead requires advanced technology and archival research. *Broder v. MBNA Corp.*, 281 A.D.2d 369, 371, 722 N.Y.S.2d 524 (1st Dep't 2001) (credit card agreement where the disclaimer was present "in the small print footnote to the

solicitation offer" is insufficient to defeat a claim of deception).  Given the disputed issues of fact, defendant's motion to dismiss is not warranted and will not succeed.

***Defendant's Challenge to the GC-MS Analysis is Devoid of Merit.***  Defendant's attempt at disputing the GC-MS  report is unscientific and uninformed, based on lack of understanding of the science but more primarily, its applicability at the pleading stage. The report, coupled with the allegations, are intended to "nudge" the FAC into being "plausible," not "probable."

Defendant goes on stating the "spectroscopy is worthless, has been discredited, and should be disregarded" due to the absence "of a control condition showing that their analysis is capable of detecting sufficient amounts of vanilla extract when it is there." ECF No. 12 at 2.  The only way a "control condition" could be tested is if defendant provides an ice cream sample without any added flavor, which it has refused to do.

Defendant's reference to "at least one other suit" where GC-MS was refuted because "discovery showed [the product] actually contained ample vanilla extract," is false. The discovery provided there confirmed what the GC-MS predicted – the product contained prohibited "vanillin from non-vanilla sources." ECF No. 12 at 2.

Whether GC-MS is a valid method to extract the volatile flavor compounds from defendant's ice cream is a question suited for summary judgment. More importantly, plaintiffs and the Court do not need any sophisticated technology provided defendant provide limited discovery as to the Product's flavor composition.

***Plaintiffs have Standing to Seek Injunctive Relief.***  Defendant opposes Plaintiffs' request for injunctive relief to correct the challenged representations because Plaintiffs are now aware of the alleged misrepresentations and are not in danger of being deceived again. ECF No. 12. However, Defendant's argument ignores that "an injunction in connection with a class action is designed to afford protection of *future consumers* from the same fraud. It does this by permitting the plaintiff to sue on their behalf." *Belfiore v. Procter & Gamble Co.*, F.Supp.3d 440, 445 (E.D.N.Y. 2014) (emphasis added). To hold otherwise "denigrate[s] the New York consumer protection statute, designed as a major support of consumers who claim to have been cheated." *Id*.

***Fraud Claims are Properly Pled.***  To state a claim for common law fraud under New York law, a plaintiff must allege "(1) a material misrepresentation or omission of fact; (2) which the defendant knew to be false; (3) which the defendant made with the intent to defraud; (4) upon which the plaintiff reasonably relied; and (5) which caused injury to the plaintiff." *Fin. Guar. Ins. Co. v. Putnam Advisory Co.*, 783 F.3d 395, 402 (2d Cir. 2015).

Plaintiffs' fraud claims are sufficient because the FAC states the Product is labeled only as "vanilla bean" but contains artificial flavors from non-vanilla sources including vanillin, maltol and ethyl vanillin. ECF No. 11 ¶ 104, 107, 109.  Further, the Product "fails to contain sufficient flavor from vanilla to characterize it" based on the "absence of the non-vanillin marker compounds." ECF No. 11 ¶ 106.

Plaintiffs sufficiently allege that Defendant knew or should have known that the front label of the Product inaccurately identified the Product's composition because it lists "'Vanilla Extract" in parentheses next to 'Natural Flavor,'" on the back panel, acknowledging the "Natural Flavor" does not "contain only the characterizing flavor derived from vanilla beans."  ECF No. 11 ¶ 92. Moreover, the FDA letters and memoranda cited in the FAC should be imputed to defendant, a

long-time manufacturer of ice cream. ECF No. 11 ¶ 62.

***Negligent Misrepresentation Claims Are Sufficient.*** Defendant claims Plaintiffs' negligent misrepresentation claims fail because such a claim "requires a special relationship of trust." ECF No. 12. This ignores that, in New York, where a plaintiff does not allege a specific special relationship with the defendant, an allegation of negligent misrepresentation still succeeds if the plaintiff "emphatically" alleges (1) the person making the representation held or appeared to hold unique or special expertise and (2) the speaker was aware of the use to which the information would be put and supplied it for that purpose. *Greene v. Gerber Products Co.*, 262 F. Supp 3d 38, 75 (E.D.N.Y. 2017) (citing *Eternity Glob. Master Fund. Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 188 (2d Cir. 2004). Here, Plaintiffs adequately allege that Defendant held unique and special expertise as pertains to the ingredients profile and labeling of the Product and as pertains to its status as a respected brand in the industry. ECF No. 11 ¶¶ 163-166.

***Express and Implied Warranty Claims are Sufficient.*** To state a claim for breach of an express warranty under New York Law, a plaintiff must allege (1) the existence of a material statement amounting to a warranty, (2) the buyer's reliance on this warranty as a basis for the contract with the immediate seller, (3) breach of the warranty, and (4) injury to the buyer caused by the breach. *Goldemberg v. Johnson & Johnson Consumer Cos*., 8 F.Supp 3d 467, 482 (S.D.N.Y. 2014) (citing *Avola v. La.-Pac. Corp.,* No. 11-cv-4053, 2013 WL 4647535, at *6 (E.D.N.Y. Aug. 28, 2013). The complaint covers the existence of a warranty, reliance, breach of said warranty and injury. ECF No. 11 ¶¶ 168-178.

Defendant's argument with respect to the lack of pre-suit notice fails because New York Courts have created an exception to the notice requirement for retail customers. *Neri v. R.J. Reynolds Tobacco Co.*, No. 98-cv-371, 2000 WL 33911224, at *19 (N.D.N.Y. Sept.28, 2000); See also *Fischer v. Mead Johnson Labs.*, 41 A.D.2d 737, 737, 341 N.Y.S.2d 257 (1st Dep't. 1973) (overturning the Special Term and holding "the prescription of timely notice under the code provisions is to be applied, if at all, differently in commercial and retail sales situations.").

***Unjust Enrichment.*** Whether plaintiffs' unjust enrichment claims are duplicative can only be ascertained in the event of a decision from this Court on the common law and statutory claims. There may be a circumstance where the allegations fail to fit within one of the specific state law claims yet suffice to state a claim for unjust enrichment. Therefore, dismissal of the unjust enrichment claims is premature.

Plaintiff requests the Court issue an Order for limited discovery wherein plaintiff would serve a limited request for production on defendant regarding the flavor composition of the Product. This would allow the parties subsequent briefing to be based on specific facts and eliminate any arguments lacking any support. Thank you.

                                            Respectfully submitted,

                                            /s/Spencer Sheehan
                                            Spencer Sheehan

## Certificate of Service

I certify that on June 15, 2020, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiff's Counsel | ☒ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☐ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan